**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
_____

|  |  |  |
|---|---|---|
| | ) | |
| | ) | |
| **GERALD L. FRYAR,** | ) | |
| | ) | |
| **Petitioner,** | ) | **07 Civ. 6683 (___)(LMS)** |
| | ) | |
| *- against -* | ) | |
| | ) | **REPORT AND** |
| **JAMES WALSH, Superintendent,** | ) | **RECOMMENDATION** |
| **Sullivan Correctional Facility,** | ) | |
| | ) | |
| **Respondent**. | ) | |

_____)

**TO:    THE ASSIGNED UNITED STATES DISTRICT JUDGE,**

Petitioner, Gerald L. Fryar ("Petitioner"), proceeding *pro se*, files this petition for a Writ

of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2254.  On May 19, 2004, Petitioner was

convicted in the County Court of Dutchess County of Burglary in the Second Degree, a Class C

Violent Felony (N.Y. Penal Law 140.25(2)).  T: 381.[1]  Petitioner was sentenced as a second

felony offender to a determinate term of thirteen years, and is currently incarcerated at the

Sullivan Correctional Facility in Fallsburg, New York.  S: 31.[2]  By Petition dated June 11, 2007,

Petitioner challenges his conviction for the crime of Burglary in the Second Degree (N.Y. Penal

Law 140.25(2)).  Pet. at 1-6.

Petitioner seeks habeas relief on four grounds: (1) that Petitioner was denied the right to a

fair trial due to the admission of impermissible hearsay evidence; (2) that Petitioner was denied

_____

[1]Hereinafter, "T" refers to the trial transcript.

[2]Hereinafter, "S" refers to the sentencing transcript.

the right to a fair trial when the Prosecutor impermissibly vouched for the credibility of one of the People's witnesses on summation; (3) that Petitioner was denied the right to a fair trial when the Prosecutor made inferences of sexual motivation during summation; and (4) that the Prosecutor improperly exercised his peremptory challenges, thereby depriving Petitioner of a fair trial.  Pet. at 4; See generally Resp't Ex. 5 (Petitioner's Appellate Brief).[3]

For the reasons set forth below, I conclude, and I respectfully recommend that Your Honor should conclude, that the instant habeas petition should be denied in its entirety.

I.      **BACKGROUND**

A.      **The Crime**

On November 14, 2003, Vanessa Tregenza, a twenty-one year old student at Marist College, was alone at her home at 37 Delafield Street, Poughkeepsie, New York.  T: 266-267. Vanessa shared this house with two roommates, Jasmine Caccamo and Alicia Magruder, both of whom were out of the house that night.  T: 269.  The house has one bedroom downstairs and two bedrooms upstairs.  T: 268.

Just before 11:00 p.m. on the night of the incident, Vanessa was upstairs when she heard a loud bang below.  T: 272.  She then heard the sound of a door rubbing against the carpet.  Id. The only door that made such a noise was the door to Jasmine's bedroom, the only bedroom located on the first floor.  Id.  Vanessa called 911 and locked herself in Alicia's bedroom on the second floor, where she could watch for the police from the front window.  Id.  While she waited for the police, she heard someone moving throughout the house.  T: 274.

_____

[3]Petitioner has not submitted a Memorandum of Law with his habeas petition, instead referring the court to the arguments detailed in his Appellate Brief.

2

Police Officer Gerald Cummaro arrived at the scene, kicked in the kitchen door, and entered the house with Officer Torraine and Officer Douglas following.  T: 311-12.  The officers found Petitioner crouched at the bottom of the stairwell and apprehended him.  T: 313-14.

Officer Cummaro took photographs of the inside and outside of the house. T: 314-15. Vanessa identified to police numerous objects that had been displaced, as well as noting that Jasmine's door and window, which were previously closed, were now open.  T: 275-78.  Vanessa additionally observed that Jasmine's travel bag was on her bed and filled with jewelry.  T: 276-77.  Neither Vanessa Tregenza, Jasmine Caccamo, Alicia Magruder nor their landlord knew Petitioner, and none of them had given him permission to enter the house.  T: 280-81, 287-88, 291, 303-04.

### B.   **Procedural History**

On November 25, 2003, Petitioner was indicted by a Grand Jury in Dutchess County, Indictment #123/2003, for Burglary in the Second Degree, a Class C Violent Felony (N.Y. Penal Law §140.25(2)).  Resp't Ex. 2 (Indictment).  On April 13, 2004, a jury trial of several days began where Petitioner did not testify or present any witnesses.  T: 330-31.  On April 16, 2004, Petitioner was convicted of Burglary in the Second Degree.  T: 381.  On May 19, 2004, Petitioner was sentenced as a second felony offender to a determinate term of thirteen years.  S: 31.

Petitioner appealed to the Supreme Court of the State of New York, Appellate Division, Second Judicial Department.  Pet. at 2; Resp't Ex. 5 (Petitioner's Appellate Brief).  Petitioner claimed that allegedly erroneous evidentiary rulings and the Prosecutor's statements deprived Petitioner of a fair trial, and that the Prosecutor improperly exercised his peremptory challenges, thereby depriving Petitioner of a fair trial.  Id.  By Decision and Order dated May 23, 2006, the

Appellate Division affirmed Petitioner's conviction.  Resp't Ex. 7 (Decision & Order).

Petitioner then sought leave to appeal to the New York State Court of Appeals, which was denied

on August 3, 2006.  Pet. at 2.  Petitioner did not seek a writ of certiorari in the United States

Supreme Court.  Id.  On June 11, 2007, Petitioner timely filed this petition for a Writ of Habeas

Corpus, raising the same four grounds for relief that he raised on direct appeal.  Pet. at 4.

## II.    DISCUSSION

### A.    Standard of Review

_____ "Habeas review is an extraordinary remedy."  Bousley v. United States, 523 U.S. 614,

621 (1998).  To be granted a writ of habeas corpus from a federal district court, a petitioner in

state custody must comply with the provisions of the Antiterrorism and Effective Death Penalty

Act of 1996 ("AEDPA"), 28 U.S.C. § 2254.  Under the AEDPA, all state remedies must be

exhausted before a federal court may consider a petition for a writ of habeas corpus. 28 U.S.C. §

2254(b)(1); see also O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999).  In the interests of comity

and expeditious federal review, states should have the first opportunity to address and correct

alleged violations of a state prisoner's federal rights.  See Coleman v. Thompson, 501 U.S. 722,

731 (1991); see also Jones v. Keane, 329 F.3d 290, 294 (2d Cir. 2003).  The exhaustion

requirement of the federal habeas corpus statute is set forth, in pertinent part, in 28 U.S.C. §

2254(b) and (c):

> (b)(1) An application for a writ of habeas corpus on behalf of a
> person in custody pursuant to the judgment of a State court shall
> not be granted unless it appears that—
>> (A) the applicant has exhausted the remedies available in
>> the courts of the State; or
>> (B)(i) there is an absence of available State corrective
>> process; or

4

> (ii) circumstances exist that render such process ineffective
> to protect the rights of the applicant . . .
> (c) An applicant shall not be deemed to have exhausted the
> remedies available in the courts of the State, within the meaning of
> this section, if he [or she] has the right under the law of the State to
> raise, by any available procedure, the question presented.

28 U.S.C. 2254(b), (c).

The Second Circuit has adopted a two-stage inquiry to determine whether the exhaustion

doctrine has been satisfied.  See Ramirez v. Attorney General of the State of New York, 280 F.3d

87, 94 (2d Cir. 2001); Klein v. Harris, 667 F.2d 274, 282 (2d Cir. 1981).  First, the petitioner

must have "fairly presented" his or her federal constitutional claim to the appropriate state courts.

Picard v. Connor, 404 U.S. at 275-76.  "A claim has been 'fairly presented' if the state courts are

apprised of 'both the factual and the legal premises of the claim [the petitioner] asserts in federal

court.' "  Jones v. Vacco, 126 F.3d 408, 413 (2d Cir. 1997) (quoting Daye, 696 F.2d at 191).  In

other words, the claim must have been presented in a way that is "likely to alert the court to [its]

federal nature."  Daye, 696 F.2d at 192.  A state court claim most obviously satisfies the fair

presentation requirement when the state court claim cites a constitutional provision or relies on

federal constitutional precedents.  Jones, 126 F.3d at 413-14.  A claim may be considered

"presented" even if the federal grounds were not explicitly asserted before the state courts if, in

asserting his or her claim before the state court, the petitioner: (1) relied on pertinent federal

cases that employ constitutional analysis; (2) relied on pertinent state cases that apply

constitutional analysis in like fact situations; (3) asserted his or her claim in terms so particular as

to call to mind specific constitutionally-protected rights; or (4) alleged a fact pattern that falls

within the mainstream of constitutional litigation.  See Daye, 696 F.2d at 194; Irving v. Reid, 624

F. Supp. 787, 789 (S.D.N.Y. 1985); but see Baldwin v. Reese, 541 U.S. 27, 32
(2004)("Ordinarily a state prisoner does not 'fairly present' a claim to a state court if that court
must read beyond a petition or a brief (or a similar document) that does not alert it to the
presence of a federal claim in order to find material, such as a lower court opinion in the case,
that does so.")

Second, having fairly presented his or her federal constitutional claim to the appropriate
state court and having been denied relief, the petitioner must appeal his or her conviction to the
highest state court before a federal court will consider the merits of the claim.  Grey v. Hoke, 933
F.2d 117, 119 (2d Cir. 1991).  See also Picard, 404 U.S. at 275 ("federal claim must be fairly
presented to the state courts").  Where a petitioner fails to exhaust the remedies available in state
court, a federal court may not grant a writ of habeas corpus. Bossett v. Walker, 41 F.3d 825, 828
(2d Cir. 1994).

Generally, a state prisoner has one year from the date his or her conviction becomes final
to file a habeas petition in federal court.  28 U.S.C. § 2244(d)(1).  This limitations period
ordinarily begins to run on "the date on which the judgment became final by the conclusion of
direct review or the expiration of the time for seeking such review."  28 U.S.C. § 2244(d)(1)(A).
The limitations period is tolled while ". . . a properly filed application for State post-conviction
or other collateral review with respect to the pertinent judgment or claim is pending . . . ."  28
U.S.C. § 2244(d)(2).  After a petitioner has met these threshold requirements, a federal district
court generally may hear "an application for a writ of habeas corpus on behalf of a person in
custody pursuant to the judgment of a state court" only if the petitioner "is in custody in violation
of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).

6

######    B.      **Petitioner's Right to a Fair Trial**

Petitioner contends that he was deprived of a fair trial by three separate non-harmless errors that occurred over the course of the trial.  Resp't Ex. 5 at 12-18 (Petitioner's Appellate Brief).  First, Petitioner claims that the admission at trial of impermissible hearsay violated evidentiary rules and deprived Petitioner of his right of confrontation guaranteed by the federal and state constitutions.  Id.  Second, Petitioner claims that the Prosecutor improperly vouched for the credibility of the People's witness during summation.  Id.  Third, Petitioner claims that the Prosecutor referred to matters not in evidence and implied that Petitioner intended to commit a sexual crime when he entered the residence.  Id.

######            1.      **Petitioner's claim that his right to a fair trial was violated by the admission of impermissible hearsay evidence is procedurally barred.**

Petitioner alleges that his right to a fair trial was violated when Officer Cummaro testified that he had been told by a dispatcher that there was a suspect inside the house.  Resp't Ex. 5 (Petitioner's Appellate Brief) at 13.  Petitioner asserts that the admission of such hearsay evidence violated evidentiary rules and the Confrontation Clause of the federal and state constitutions.  Id.  Respondent argues that Petitioner's counsel failed to preserve this issue for the record at trial and, therefore, this claim is procedurally barred.  Resp't Mem. of Law at 4-5, 8.

The Supreme Court has held that a federal court may not review a claim in a habeas petition "when a state court declined to address a prisoner's federal claim because the prisoner had failed to meet a state procedural requirement." Coleman v. Thompson, 501 U.S. 722, 730 (1991).  This decision is grounded in the idea that the state has "independent and adequate state grounds" for such a dismissal and federal courts are ever mindful of notions of "comity and

federalism." Harris v. Reed, 489 U.S. 255, 260 (1989); Coleman, 501 U.S. at 730.  In other words, "an adequate and independent finding [by a state court] of a procedural default will bar federal review of the federal claim."  Harris, 489 U.S. at 262.  Petitioner can overcome such a procedural default if he or she can show "cause for the procedural default and prejudice attributable thereto" (Harris, 489 U.S. at 262) or "actual innocence" (Schlup v. Delo, 513 U.S. 298 (1995)).

Here, the Appellate Division determined that Petitioner "failed to preserve for appellate review his contention that the Supreme Court erroneously admitted into evidence a police officer's testimony because it constituted hearsay and violated his constitutional right to confront a witness." Resp't Ex. 7 (Decision & Order).  Such a procedural default is an independent and adequate state ground for denial of a claim and, therefore, precludes a federal court from considering the matter on habeas review.  See also Hughes v. Phillips, 457 F. Supp. 2d 343, 369 (S.D.N.Y. 2006) ("[T]he Appellate Division's invocation of the procedural bar was an independent and adequate State ground for denial of relief that prevents habeas relief . . .").  Furthermore, Petitioner has provided neither proof of the cause for the procedural default nor any prejudice attributable thereto.  He has also not asserted that he is actually innocent.  Therefore, Petitioner's first claim must be dismissed.



**2.** **Petitioner's claim that his right to a fair trial was violated by comments made by the Prosecutor during summation is procedurally barred.**

Petitioner's second claim is that, during summation, the Prosecutor improperly vouched for the credibility of one of the People's witnesses, Vanessa Tregenza.  Resp't Ex. 5 (Petitioner's

Appellate Brief) at 13.  In his summation, the Prosecutor used phrases such as "I have a different view of her testimony" and "I'm not too sure that she even understood the question."  T: 345, 347.  Petitioner claims that these statements suggested that the Prosecutor personally believed the witness, and that his office vouched for her credibility.  Resp't Ex. 5 (Petitioner's Appellate Brief) at 13-14.  Respondent contends that this claim was also not preserved at trial and is, therefore, procedurally barred.  Resp't Mem. of Law at 4-5, 8.

_____As discussed in subsection 1, *supra*, a federal court may not review a claim in a habeas petition "when a state court declined to address a prisoner's federal claim because the prisoner had failed to meet a state procedural requirement."  Thompson, 501 U.S. at 730.  In other words, "an adequate and independent finding [by a state court] of a procedural default will bar federal review of the federal claim."  Harris, 489 U.S. at 262.  Again, a petitioner can overcome such a procedural default if he or she can show "cause for the procedural default and prejudice attributable thereto" (Id., at 262) or "actual innocence" (Schlup v. Delo, 513 U.S. 298 (1995)).

Here, the Appellate Division determined that "[Petitioner]'s contentions that improper remarks made by the prosecutor during summation constituted reversible error are unpreserved for appellate review. . ."  Resp't Ex. 7 (Decision & Order).  Such a procedural default is an independent and adequate state ground for denial of a claim and, therefore, precludes a federal court from considering the matter on habeas review.  See also Hughes v. Phillips, 457 F. Supp. 2d 343, 369 (S.D.N.Y. 2006).  Furthermore, Petitioner has provided neither proof of cause for the procedural default, nor any prejudice attributable thereto.  He has also failed to assert his actual innocence.  Therefore, Petitioner's second claim must be dismissed.

9

      **3.**     **Petitioner's right to a fair trial was not violated by alleged inferences of sexual motivation.**

Petitioner's third claim is that the Prosecutor suggested that Petitioner intended to commit a sexual crime, when the record was devoid of any such evidence. Resp't ex. 5 (Petitioner's Appellate Brief) at 14-15. Petitioner contends this occurred during summation, when the prosecutor said: "What was this man doing in the house of a twenty year old college student at eleven o'clock at night if he wasn't there to do something?" Id.; T: 350. Respondent claims that, taken in the context of the whole summation, the Prosecutor's question to the jury did not suggest a contemplated sexual crime, but instead referred to the theft of the jewelry. Resp't Mem. Of Law at 6.

Habeas review of a claim of prosecutorial misconduct is "the narrow one of due process." Donnelly v. DeChristoforo, 416 U.S. 637, 642 (1974). Therefore, in order for the alleged misconduct of a prosecutor to rise to the level of a constitutional violation, it must "so infect the trial with unfairness as to make the resulting conviction a denial of due process." Id. at 643; see also Darden v. Wainwright, 477 U.S. 168, 181 (1986). "Remarks of the prosecutor in summation do not amount to a denial of due process unless they constitute 'egregious misconduct.' " United States v. Elias, 285 F.3d. 183, 190 (2d Cir. 2002) (quoting Donnelly, 416 U.S. at 647). "Prosecutorial misconduct during summation is grounds for reversal only when the remarks cause 'substantial prejudice' to the defendant." Gonzalez v. Sullivan, 934 F.2d 419, 424 (2d Cir. 1991) (quoting United States v. Tutino, 883 F.2d 1125, 1136 (2d Cir. 1989)). Additionally, in determining if a comment infected the trial with unfairness, "prosecutorial misconduct must be assessed 'in the context of the entire trial.' " Miranda v. Bennett, 322 F.3d 171, 180 (2d Cir.

2003) (quoting Donnelly, 416 U.S. at 639).  Courts are to take into account "if the misconduct is an aberration in an otherwise fair proceeding."  Elias, 285 F.3d at 191.  See e.g., United States v. Melendez, 57 F.3d 238, 241 (2d Cir. 1995) ("Most of the cases in which we have reversed convictions as a result of prosecutorial misconduct have involved repeated improper statements whose aggregate effect was more likely to undermine the fairness of the trial"); United States v. Biasucci, 786 F.2d 504, 514 (2d Cir. 1986) ("Although the prosecutor's disparaging remarks about the defense counsel certainly were improper and have no place in any court, they were inconsequential, isolated aberrations in a lengthy trial").

The Second Circuit has created a three part test to determine whether prosecutorial misconduct has caused substantial prejudice.  The test requires courts to assess "the severity of the misconduct, the measures adopted to cure the misconduct, and the certainty of conviction absent the misconduct."  Elias, 285 F.3d at 190; see also United States v. Modica, 663 F.2d 1173, 1181 (2d Cir. 1981).

Under the Second Circuit's test, any sexual inference made by the Prosecutor on summation was not severe enough to cause substantial prejudice.  Looking at the phrase in context, there is no evidence that the Prosecutor was referring to a sexual crime rather than the theft of the jewelry.  In his opening statement, the Prosecutor stated that the People's contention was that Petitioner intended to steal jewelry.  T: 263.  Early in his summation, the Prosecutor also stated that the issue in this case was whether the defendant intended to commit a crime in the residence, "in this case, steal jewelry."  T: 347.  Later in his summation, the Prosecutor suggested that the jewelry was put into Jasmine's bag in preparation for stealing it.  T: 349.  At no point during the trial did the Prosecutor mention any sexual motivation on the part of Petitioner.

11

Taken in context, the Prosecutor's comment constituted a small portion of his summation, and, thus was not prejudicial.  Even if deemed improper, this one, isolated statement does not rise to the level of a due process violation.

The second prong of the Second Circuit's test requires the court to assess the measures that the trial court took to cure the misconduct.  At the time the remarks were made, defense counsel objected, and his objection was overruled.  T: 350.

The third prong requires the court to look at the certainty of conviction absent the misconduct.  Elias, 285 F.3d at 190.  In this case, the evidence against Petitioner was overwhelming.  Petitioner was found by police inside the residence at 11 p.m., after a resident heard someone moving around in the house, at a time when no one should have been there.  T: 274.  Jasmine Caccamo testified that she had left a duffel bag containing clothes and shoes on the bed when she left the house earlier that day, but when she returned the next morning, her clothes and shoes were on the floor and the bag was filled with her jewelry.  T: 300-301.  In light of this evidence of Petitioner's guilt, and with no contrary evidence presented by defense counsel, Petitioner's conviction was certain, even absent the remarks of the Prosecutor.  Therefore, Petitioner's third claim must be dismissed.

### C.    Batson Claim

Petitioner's final claim is that the Prosecutor's peremptory challenge of two prospective jurors was racially motivated and an unconstitutional use of peremptory challenges.  See Batson v. Kentucky, 476 U.S. 79 (1986).  Respondent argues that Petitioner has failed to establish a pattern of purposeful exclusion sufficient to support a Batson claim.  Resp't Mem. of Law at 9-11.

Claims of discriminatory uses of peremptory challenges are scrutinized according to a three-step analysis. Batson v. Kentucky, 476 U.S. 79, 96-98 (1986); Hernandez v. New York, 500 U.S. 352, 358 (1991).  First, the party objecting to the use of a peremptory challenge must make a prima facie showing that the party exercising the challenge is acting with an intent to discriminate. Batson, 476 U.S. at 93-97.  To make a prima facie showing, the party must demonstrate that the facts and circumstances of the case raise an inference that the Prosecutor has used peremptory challenges to exclude members of a particular cognizable group. Id. at 96-97. There are no fixed rules for determining what evidence will give rise to an inference sufficient to establish a prima facie case. People v. Bolling, 79 N.Y.2d 314, 323-324.  The Second Circuit has decided that a trial judge has "broad latitude to consider the totality of circumstances when determining whether a defendant has raised an inference of discrimination." Barnes v. Anderson, 202 F.3d 150, 155 (2d Cir. 1999) (internal citations omitted).

The next step of the inquiry shifts the burden to the proponent of the peremptory challenge, who is required to articulate a race-neutral explanation for its challenge. Hernandez, 500 U.S. at 358-59.  Such an explanation need not be "persuasive, or even plausible." Purkett v. Elam, 514 U.S. 765, 768 (1995).  If the proponent of the peremptory strike satisfies its burden, the final step of the inquiry shifts the burden back to the objecting party, who carries the ultimate burden of showing purposeful discrimination. Batson, 476 U.S. at 96-98.  To be precise, the objecting party must show that the asserted race-neutral explanation is a pretext for discrimination. Id.; Hernandez, 500 U.S. at 358-59.  The Supreme Court has held that the trial court's decision on the ultimate question of discriminatory intent represents a finding of fact that is accorded great deference on appeal. See Hernandez, 500 U.S. at 364-65.

13

To ensure an adequate record for appellate review, a party asserting a <u>Batson</u> claim should articulate and develop all of the grounds supporting the claim, both factual and legal, during the colloquy in which the objection is raised and discussed.  <u>People v. Childress</u>, 81 N.Y.2d 263, 268 (1993).  In <u>Childress</u>, the court found that while a pattern of strikes during voir dire may be sufficient in some cases, the Prosecutor's striking of two of three African-American jurors was not alone sufficient to raise an inference of discrimination.  <u>Id</u>.  Similarly, in <u>People v. Jenkins</u>, 84 N.Y.2d 1001 (1994), the defense counsel's bare assertions that the Prosecutor struck a disproportionate amount of African-American jurors was insufficient, without more, to create an inference establishing a prima facie case.

In this case, during jury selection, defense counsel exercised a total of fourteen peremptory challenges, while the Prosecutor exercised seven.  Resp't Mem. of Law at 9.  On the second day of jury selection, the Prosecutor made a peremptory challenge to a black female juror.  T: 240.  Defense counsel objected, stating that the Prosecutor had previously preempted a black male juror, and defense counsel believed that this raised a presumption of discrimination.  T: 240.  When asked what cognizable group was being purposefully excluded from the jury, defense counsel answered "Black People."  <u>Id</u>.  When asked what facts and inferences established a prima facie case for discrimination, defense counsel noted that of the three African-Americans to make it to the box, one was challenged for cause by defense counsel, and the other two were preempted by the Prosecution.  T:240-241.  The court denied the defense application and the remaining jurors were seated without any peremptory challenges.  T:241-242.

On direct appeal, the Appellate Division echoed the trial court's finding that Petitioner failed to make the requisite prima facie showing of discrimination to support a <u>Batson</u> claim.

14

Specifically, the Appellate Division made the following determination:

> In support of the <u>Batson</u> application, the defendant noted only that the prosecutor used challenges against two of three black potential jurors. Those two challenges were among a total of seven peremptory challenges by the prosecution, with the remaining five not at issue, and a black juror was seated after the seventh peremptory challenge. In the absence of a record demonstrating other facts or circumstances supporting a prima facie showing, the Supreme Court correctly found that the defendant failed to establish a pattern of purposeful exclusion sufficient to raise an inference of racial discrimination. (see <u>People v. Harrison</u>, 272 A.D.2d 554, 554-555).

<u>People v. Fryar</u> 29 A.D.3d at 2

Petitioner has not offered any evidence or argument sufficient to rebut the presumed correctness of the trial court's decision on the question of discriminatory intent.  <u>See</u> 28 U.S.C. § 2254(e)(1).  The only factor cited by defense counsel is that two of the three black jurors were peremptorily challenged by the Prosecution.  This, by itself, does not establish a pattern of purposeful exclusion sufficient to raise an inference of racial discrimination.  Taking into account the totality of the circumstances, including the fact that an African-American juror was later seated as a member of the jury, Petitioner has failed to establish a pattern of purposeful exclusion sufficient to raise an inference of racial discrimination.  Moreover, even if these facts might have supported such a conclusion, this is not a circumstance where the state court's decision in this regard was either contrary to, or an unreasonable application of, clearly established Federal law.  <u>See</u> 28 U.S.C. § 2254(d)(1).  For these reasons, Petitioner's fourth claim must be dismissed.

## <u>CONCLUSION</u>

For the reasons stated above, I conclude, and respectfully recommend that Your Honor should conclude, that the instant habeas petition should be dismissed in its entirety.  As the

Petition presents no questions of substance for appellate review, I conclude, and respectfully recommend, that a certificate of probable cause should not issue.  Rodriguez v. Scully, 905 F.2d 24 (2d Cir. 1990) (per curiam); Alexander v. Harris, 595 F.2d 87, 90-91 (2d Cir. 1979).  I further conclude, and respectfully recommend, that the Court should certify pursuant to 28 U.S.C. §1915(a) that an appeal from this order would not be taken in good faith.  See Coppedge v. United States, 369 U.S. 438 (1962).

### NOTICE

Pursuant to 28 U.S.C. § 636(b)(1), as amended, and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days, plus an additional three (3) days, pursuant to Fed. R. Civ. P. 6(d), or a total of seventeen (17) days, see Fed. R. Civ. P. 6(a), from the date hereof, to file written objections to this Report and Recommendation.  Such objections, if any, shall be filed with the Clerk of the Court at the United States District Court, Southern District of New York, United States Courthouse, 300 Quarropas Street, White Plains, New York, 10601, and to the chambers of the undersigned at the same courthouse.

Failure to file timely objections to this Report and Recommendation will preclude later appellate review of any order of judgment that will be entered.

Requests for extensions of time to file objections may be made to the undersigned.

Dated: August 17, 2010
        White Plains, NY

Respectfully submitted,

LISA MARGARET SMITH
United States Magistrate Judge
Southern District of New York

A copy of the foregoing Report and Recommendation has been sent to the following:

The Clerk of the Court

Gerald L. Fryar, #04-A-2986
Sullivan Correctional Facility
PO Box 116
Fallsburg, NY 12733-0116

Bridget Rahilly Steller, ADA
Dutchess County District Attorney's Office
236 Main Street
Poughkeepsie, NY 12601